CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
September 29, 2026
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Case No. 1:20CR0020 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **JAMES LOUIS JORDAN,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Lena L. Busscher, Assistant United States Attorney, Abingdon, Virginia, for United States; Matthew Hill, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, James Louis Jordan, having been previously acquitted by reason of insanity, is presently confined in a state mental hospital and subject to conditions imposed by this court. His treatment team at the hospital now recommends that he be allowed brief unsupervised absences outside of the hospital grounds. The government objects. I will treat the treatment team's recommendation as a Motion to Modify the Conditions of Release (Motion). Counsel for the defendant objects to a hearing on the Motion in light of the government's intent to present victim testimony opposing the requested modification. For the reasons that follow, the Motion will be denied and the defendant will continue to be subject to the current conditions of release without modification.

I.

The defendant was charged with committing first-degree murder, attempted murder, and assault with intent to commit murder on May 10, 2019. On that day, Jordan's delusions caused him to believe that certain hikers on the Appalachian Trail were "hunting" him. Def.'s Resp. Supp. Mot. 2, Dkt. No. 163. Jordan chased several hikers through the woods with a knife, stabbed one victim to death and stabbing another victim multiple times. After being restored to competency, and without objection by the government, Jordan was found not guilty by reason of insanity (NGRI) at a bench trial. He was then committed to the custody of the Attorney General as required by statute.

On October 4, 2023, I released Jordan from the custody of the Attorney General to a suitable state mental health facility, subject to court-imposed conditions. Condition 8 provides that "[t]hese conditions must not be modified without an express written Order of this Court after notice to the government and opportunity to respond." Order 5, Dkt. No. 160.

On February 28, 2025, I granted a modification to Jordan's conditions of release. Specifically, I modified Condition 5(c) to allow Jordan to travel outside of facility grounds to a state court proceeding and to attend medical appointments. On August 26, 2025, I granted another modification to Jordan's conditions of release. I further expanded Condition 5(c) to allow Jordan more access outside of the facility

grounds "in accordance with [the hospital's] treatment plan set forth in Dkt. 159-1." Order 4, Dkt. No. 160. This treatment plan allows for supervised outings privileges in accordance with a progressive three-step plan. Step 1 permits Jordan to have supervised access to the gymnasium and work out room in the basement of the facility four times a week. Step 2 permits Jordan to go on supervised group walks three times a week through the community surrounding the facility. Step 3 permits further supervised off-unit access including supervised trips to the hospital cafeteria, supervised community outings, supervised shopping trips, and other supervised outside activities for treatment purposes. Unsupervised access to areas outside the facility was not part of the progressive three-step plan approved on August 26, 2025.

The hospital's treatment team recommends further modification of condition 5(c) to allow unsupervised outings in the community. Specifically, the requested modification would utilize the hospital's system of community passes. These passes would allow the defendant to leave the premises of the facility unsupervised for one hour three times a week. The suggested protocol is to progressively increase unsupervised outside time. Def.'s Resp. Supp. Mot. 2, Dkt. No. 163.

The government received notice of the proposed modification, and both parties have had the opportunity to respond. The government opposes the requested modification and seeks a hearing on the matter. The defendant's counsel objects to the government's request for a hearing. After considering the written submissions

from both parties, including written victim statements submitted by the government, I have determined that the Motion can be resolved on the briefs. In this situation, a hearing is not required under the Crime Victims' Rights Act. *Brandt v. Gooding,* 636 F.3d 124, 137 (4th Cir. 2011) (explaining that if a district court rules on a motion based on the parties' written submissions without a hearing, the victim's rights to be "reasonably heard" are satisfied by consideration of written victim's statements).

II.

Unsupervised public access is not allowed under Jordan's approved conditions of release. Contrary to the defendant's contention, unsupervised public access was not part of Jordan's treatment plan at the time it was approved.[1]

This court has broad authority to modify or eliminate conditions of release of release for NGRI defendants under 18 U.S.C. § 4243. It is widely recognized that the committing court is accorded "great latitude" when determining conditions of release. *United States v. Perkins*, 67 F.4th 583, 637 (4th Cir. 2023) (citing *United States v. Jain*, 174 F.3d 892, 898 (7th Cir. 1999)). In fact, approval from the committing court is specifically required under the statue when a committed

[1] The defendant's suggestion that unsupervised access to areas outside hospital grounds has already been approved by this court is incorrect. The progressive treatment plan that has been approved by this court includes three steps of increasing privileges, none of which involve giving Jordan unsupervised outside access. Order, Dkt. No. 160, Dkt. No. 159-1.

individual wants to be able to "temporarily leave the premises of the facility." 18 U.S.C. § 4243(h).

I do not find grounds for modifying Jordan's conditions of release. Jordan has been receiving treatment for a relatively short period of time—about two years. Although he has "done well overall" at the state hospital, he has also had "a few issues." Report 10, Dkt. No. 169-1. According to his treatment team, he "left treatment team meetings on a few occasions due to his frustration" about the hospital discharge process, he has "expressed disagreement regarding being roomed with acutely mentally ill individuals who are being newly admitted," and he was "skeptical" and expressed "disagreement" with a recent medical test showing he had low Lithium levels. *Id.* Further, Jordan continues to have "underlying mistrust," "low level paranoia," and "emotional regulation issues." *Id.*

While I understand the treatment team's rationale for the unsupervised absences, concern for public safety supports keeping the current conditions in place. I credit the evidence in the record that Jordan is doing well so far in his present treatment. Although his medications have helped him manage his condition, in the past he has a "pattern of disengaging from mental health treatment and discontinuing psychiatric medications, resulting in severe symptoms of psychosis and mood that precipitated the index offense." *Id.* at 13. He has a "history of problems" with violence, anti-social behavior, developing relationships, maintaining employment,

and substance abuse. *Id*. at 12. Even while taking his medication at the facility, he has "recent problems" with both "insight" and "instability." *Id*. at 13. Significantly, one of his treatment providers reports that "[h]e does not fully understand and appreciate all the [historical] factors that have contributed to his risk for violence." *Id*. The possibility of Jordan fleeing the facility while unsupervised, discontinuing his medication, and engaging in violence is concerning.

Especially given the gravity of Jordan's past conduct, his inability to fully appreciate what could lead to another violent outburst, and the dire consequences that could result, the risk of giving him unsupervised access to the public at this point in his treatment is too high.

III.

For the reasons stated, it is **ORDERED** as follows:

1. The request for unsupervised community access is treated as a Motion to Modify the Conditions of Release;
2. The government's request for a hearing is DENIED;
3. The Motion to Modify the Conditions of Release is DENIED without prejudice to further consideration by the court in the future.

ENTER: September 29, 2026

/s/ JAMES P. JONES
Senior United States District Judge